| | | |
|---|---|---|
| EDDIE LEWIS, JR.<br>32 E. 25th Street<br>Baltimore, Maryland 21218 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| SELECT PORTFOLIO SERVICES, INC.<br>Formerly known as and successor to<br>FAIRBANKS CAPITAL CORPORATION<br>3815 South West Temple<br>Salt Lake City, UT 84115-4412 | *<br><br>*<br><br>* | Case No.<br><br>RDB 06 CV 0232 |
| Defendant | * | |

## COMPLAINT AND ELECTION FOR JURY TRIAL

Eddie Lewis, Jr., Plaintiff, by David N. Kuryk, his attorney, sues Fairbanks Capital Corporation, Defendant.

1. For that all times mentioned herein, Plaintiff. Eddie Lewis, Jr., resides at 32 East 25th Street, Baltimore, Maryland 21218.

2. Fairbanks Capital Corporation with offices at 3815 S.W. Temple, Salt Lake City, UT 84115-4412, is a Utah corporation engaged in the purchase of sale of First Purchase Money Mortgage in the State of Maryland and elsewhere. Defendant, Select Portfolio Services, Inc. f/k/a Fairbanks Capital Corporation, specializes in servicing the mortgage of people with imperfect credit, and is one of the largest servicers of sub-prime mortgages in the United States.

3. On or about December 10, 1998, Plaintiff, Eddie Lewis, Jr., purchased the real property known as 129 S. Kossuth Street, in Baltimore City, Maryland. The Deed is recorded among the Land Records of Baltimore City in Liber 7952, folio 169, dated October 6, 1998.

4. As part of the consideration of the purchase, Plaintiff borrowed the sum of Thirty-Nine Thousand Dollars ($39,000.00) which was to be repaid at interest at the rate of Ten and Three-Quarters percent (10.75%) per year in one hundred eighty (180) consecutive equal monthly installments of Six Hundred Sixty-Two Dollars Seventy Cents ($662.70) beginning on December 1, 1998. A copy of the Promissory Note is attached hereto and incorporated herein by reference as Exhibit No. 1.

5. The Promissory Note was secured by a Deed of Trust dated October 6, 1998 and recorded among the Land Records of Baltimore City in Liber 7952, folio 169. A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit No. 2.

6. Plaintiff received Notice that the Lender, Encore Mortgage, Inc. had transferred all right, title and interest in the loan to Defendant, Select Portfolio Services, Inc. f/k/a Fairbanks Capital Corporation.

7. Despite the fact that Plaintiff made payments to Defendant as required under the loan documents, Plaintiff was advised that Fairbanks Capital Corporation deemed the account to be in default and intended to proceed with foreclosure proceedings.

8. By letter dated June 18, 2002, Plaintiff received a letter from the law firm of Draper and Goldberg indicating that it had been retained by Fairbanks Capital Corporation regarding the alleged default in its Deed of Trust in the original sum of Thirty-Nine Thousand Dollars ($39,000.00). The letter further advised Plaintiff that Defendant has accelerated the debt and instructed the law firm to foreclose its Deed of Trust lien. A copy of the letter dated June 18, 2002 is attached hereto and incorporated herein by reference as Exhibit No. 3

9. On June 26, 2002, the law firm of Draper and Goldberg advised Plaintiff that the sale of the property was scheduled on July 19, 2002, at 11:42 a.m. The sale was to be held at the

M. Mitchell Court House on Calvert Street in Baltimore City. A copy of the Notice sent to Plaintiff is attached hereto and incorporated herein by reference as Exhibit No. 4

10. Despite the fact that Plaintiff had paid arrearages to Fairbanks Capital Corporation to maintain the account in a current status, Defendant nevertheless proceeded with the foreclosure auction sale of the property as scheduled.

11. On or about July 19, 2002, the duly appointed Substituted Trustee filed a Trustee's Report of Sale reporting the sale of the property to U.S. Bank National Association formerly known as First Bank National Association Trust U/A for the sum of Nineteen Thousand, Eight Hundred Ninety-Two Dollars ($19,892.00). A copy of the Trustee's Report of Sale is attached hereto and incorporated herein by reference as Exhibit No. 5.

12. The Circuit Court for Baltimore City issued a Notice of Sale indicating that the sale would be ratified and confirmed unless cause to the contrary be shown on or before August 18, 2002. A copy of the Notice of Sale is attached hereto and incorporated herein by reference as Exhibit No. 6.

13. A Notice of filing of the Auditor's Report was filed in the proceedings by the Court Auditor along with the account indicating all payments and disbursements as approved by the Court. The Auditor's Report was ratified on December 11, 2002. A copy of the Auditor's Report is attached hereto and incorporated herein by reference as Exhibit No. 7.

14. By Trustee's Deed dated December 27, 2002, the purchaser at auction was conveyed the real property formerly owned by Plaintiff at 129 S. Kossuth Street in Baltimore City. A copy of the Trustee's Deed dated December 27, 2002, which was recorded among the Land Records of Baltimore City in Liber 3221, folio 301, is attached hereto and incorporated herein by reference as

Exhibit No. 8.

15. The purchaser at auction filed a Motion for Possession of Property on or about January 17, 2003, alleging that Plaintiff or other occupants continue possession of the property and the purchaser sought possession of the property. A copy of the Motion for Possession of Property is attached hereto and incorporated herein by reference as Exhibit No. 9.

16. The Circuit Court for Baltimore City passed an Order granting possession of the property to US Bank National Association formerly known as First Bank National Association Trust U/A on March 20, 2003. A copy of the Order is attached hereto and incorporated herein by reference as Exhibit No. 10.

17. A Request for Writ of Possession describing the passage of the Order and asking for the Sheriff to secure possession of the property was filed on or about April 4, 2003. A copy of the Request for Writ of Possession is attached hereto and incorporated herein by reference as Exhibit No. 11.

18. In fact, possession of the property was obtained by the Sheriff as requested by the purchaser.

### COUNT I
### TRESPASS

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 18 and further alleges as follows:

19. Defendant did physically enter the property owned by Plaintiff at 129 S. Kossuth Street in Baltimore City, Maryland.

20. Defendant's wrongful foreclosure, its failure to abandon and reverse the foreclosure process and the ultimate disposition of Plaintiff from ownership, possession, and enjoyment of his property was unlawful, without the consent of Plaintiff and interfered with the possessory interest of Plaintiff in the aforesaid property.

21. Defendant's entry upon Plaintiff's property was unwarranted, improper and without any foundation in fact or law.

22. Despite Defendant's promises to reverse the foreclosure process, it has refused and failed to do so.

23. Defendant secured a Court Order to dispossess Plaintiff from the property owned and possessed by him thereby depriving him of use, possession and ownership of the property and enjoyment of its incident benefits.

24. Despite Plaintiff's demands upon Defendant to return ownership and possession of the property to him, Defendant, has failed and refused to do so, causing Plaintiff to sustain significant damages.

25. As a result of Defendant's trespass upon Plaintiff's property, Plaintiff has suffered the loss of its use, enjoyment and income which he derived from it.

**WHEREFORE,** Eddie Lewis, Jr. demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

### COUNT II
### BREACH OF CONTRACT

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 25 and

further alleges as follows:

26. As a lender under a First Deed of Trust and under Maryland law, Defendant had a duty of care to Plaintiff.

27. This duty required that Defendant honestly, correctly and diligently maintain accurate information concerning Plaintiff's loan account.

28. This duty included the correct application of all funds paid by Plaintiff towards the his loan account, the transmittal of correct and accurate information concerning the status of his loan account and the obvious need to prevent the unnecessary, unwarranted, and illegal institution of a mortgage foreclosure proceeding without any basis in fact or law.

29. The statements by Defendant that they would cancel the foreclosure sale, return ownership and possession of the property to Plaintiff were false.

30. By virtue of Defendant's position as holder of the first Deed of Trust of Plaintiff's property, Defendant owed a duty to Plaintiff of the decree of trust and confidence required in the Deed of Trust and under Maryland law as it relates to the relationship of Plaintiff and Defendant.

31. Among the duties owed by Defendant to Plaintiff, was to properly supervise and manage the mortgage loan accounts which were owned or serviced by Defendant to assure that all funds were properly and correctly credited to the account of Plaintiff and other borrowers.

32. Defendant owed this duty to prevent Plaintiff from wrongfully being deprived of the use and possession of his real property, Defendant was responsible to assure the proper management and operation of its loan accounts and to assure that borrowers were not wrongfully placed in default and subject to a wrongful foreclosure when in fact the account was in good standing.

33. Defendant breached the duties described in the Deed of Trust and by Maryland law with malice and/or reckless disregard for Plaintiff's rights by the mismanagement of Plaintiff's account, the careless and reckless institution of a foreclosure proceeding without any justification failing to prevent the foreclosure sale of Plaintiff's property, in seeking the ratification of the sale and ultimately the Writ of Possession forcibly depriving Plaintiff of the use, enjoyment and possession of his property.

34. In the breach of its duties to Plaintiff, Defendant acted wilfully and contrary to the obligations imposed under the Deed of Trust and Maryland law.

35. As a result of these duties, Plaintiff suffered damages.

**WHEREFORE,** Eddie Lewis, Jr. demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

## COUNT III
## UNJUST ENRICHMENT

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 35 and further alleges as follows:

36. Defendant has wrongfully retained the property owned by the Defendant as 129 S. Kossuth Street, and wrongfully sold the property as described above.

37. Defendant has willfully and wrongfully retained the proceeds of the sale with full knowledge that the sale had been wrongfully and improperly deducted. That at all times mentioned, the property was rightfully that of Plaintiff and that Defendant's conduct in conducting the sale, keeping the proceeds and failing to account to Plaintiff are inequitable for Defendant to retain these

benefits without payment to Plaintiff.

38. Defendant's acceptance and retention of the proceeds of the foreclosure sale resulted in the unjust enrichment of Defendant at the expense of Plaintiff.

**WHEREFORE,** Eddie Lewis, Jr. claims One Hundred Fifty Thousand Dollars ($150,000.00) damages.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 38 and further alleges as follows:

39. Defendant, at all times material hereto, represented to Plaintiff that it would reverse the foreclosure process which had been wrongfully instituted against Plaintiff.

40. Defendant at all times acknowledged that Plaintiff's account with Defendant was in good standing, that the mortgage loan was not in default and that it would cease the foreclosure proceedings filed against Plaintiff.

41. Despite repeated assurances by Defendant, Defendant failed to have the foreclosure process and ultimately obtained a Court Order depriving Plaintiff of the possession, use and enjoyment of his property and the benefits of its use and possession.

42. Defendant knew that the representations made to Plaintiff were false when they were made, that Defendant made the assertion with the intention of having Plaintiff act and rely upon them.

43. Defendant's conduct of representing to Plaintiff and assuring Plaintiff that the foreclosure process would be reversed, that his account was in good standing and that Defendant

would take the necessary steps to secure the ownership, use and possession of Plaintiff's property were false.

44. As a result of the negligent misrepresentation by Defendant, Plaintiff incurred significant damages.

**WHEREFORE**, Eddie Lewis, Jr. demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) damages with interest and costs.

## COUNT V
## INTENTIONAL MISREPRESENTATION

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 44 and further alleges as follows:

45. As a lender under a First Deed of Trust and under Maryland law, Defendant had a duty of care to Plaintiff.

46. This duty required that Defendant honestly, correctly and diligently maintain accurate information concerning Plaintiff's loan account.

47. This duty included the correct application of all funds paid by Plaintiff towards the his loan account, the transmittal of correct and accurate information concerning the status of his loan account and the obvious need to prevent the unnecessary, unwarranted, and illegal institution of a mortgage foreclosure proceeding without any basis in fact or law.

48. The statements by Defendant that they would cancel the foreclosure sale, return ownership and possession of the property to Plaintiff were false.

49. These false representations were repeated on numerous occasions.

50. Defendant intentionally and repeatedly made assertions of these false statements by its agents, servants and employees.

51. The statements made by Defendant were made with the intention of having Plaintiff act and rely upon its false assertions.

52. Defendant knew that Plaintiff would probably rely and was, in fact, relying upon its statements that Plaintiff would incur no damage and that his ownership and possession of the property would be promptly returned to him.

53. Defendant's actions of conducting the foreclosure sale, having it ratified and failing to correct the mistake and its failure to account to Plaintiff for the proceeds of the sale occurred despite the repeated statements by Defendant that they would not do so and that Plaintiff was justified in his reliance because of the conversations with Defendant.

54. As a result of the intentional misrepresentations by Defendant, Plaintiff has incurred significant damages.

55. That Plaintiff justifiably relied upon the statements with the Defendant, its agents, servants and employees that it would reverse the mortgage foreclosure, that the account was in good standing and that the Defendant would take the necessary steps to return ownership, use and possession of Plaintiff's property.

56. That Defendant through its agents, servants and employees intentionally misrepresented the status of Plaintiff's account with Defendant, intentionally misrepresented that the foreclosure would be reversed, intentionally misrepresented that it would take the necessary steps to secure the ownership use and possession of Plaintiff's property and, have failed and refused to account for the proceeds of the sale of his property.

57. As a result of the intentional misrepresentation by Defendant, Plaintiff incurred damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00) with interest and costs.

## COUNT VI
## INTENTIONAL MISREPRESENTATION
## CONCEALMENT OR NON-DISCLOSURE

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 57 and further alleges as follows:

58. Defendant's failure to disclose the failure to reverse the ratification of the foreclosure sale, the failure to file and appeal and otherwise seek correction warranted and improper foreclosure cuts to the failure to disclose material facts which Defendant had a duty to disclose.

59. Defendant failed to disclose the existence and impact of its conduct, its failure to reverse the foreclosure process and the ultimate sale to a third party were done with the intent to deceive Plaintiff.

60. Defendant knew that Plaintiff, if aware of the circumstances, could have taken independent action in an effort to avoid the outrageous conduct of Defendant.

61. Plaintiff relied upon the assurance of Defendant that his account was in good standing, that the property would not be foreclosed and that he would not be dispossessed of his property, and Plaintiff was justified in his reliance.

62. As a result of Defendant's concealment and non-disclosure, Plaintiff has suffered damages.

**WHEREFORE**, Eddie Lewis, Jr., Plaintiff, demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00) with interest and costs.

## COUNT VII
## CONSTRUCTIVE FRAUD

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 62 and further alleges as follows:

63. As a lender under a First Deed of Trust and under Maryland law, Defendant had a duty of care to Plaintiff.

64. This duty required that Defendant honestly, correctly and diligently maintain accurate information concerning Plaintiff's loan account.

65. This duty included the correct application of all funds paid by Plaintiff towards the his loan account, the transmittal of correct and accurate information concerning the status of his loan account and the obvious need to prevent the unnecessary, unwarranted, and illegal institution of a mortgage foreclosure proceeding without any basis in fact or law.

66. The statements by Defendant that they would cancel the foreclosure sale, return ownership and possession of the property to Plaintiff were false.

67. These false representations were repeated on numerous occasions.

68. Defendant intentionally misled and deceived Plaintiff in the assertions of these false statements by its agents, servants and employees.

69. The statements made by Defendant were made with the intention of having Plaintiff act and rely upon its assertions.

70. Defendant knew that Plaintiff would probably rely and was, in fact, relying upon its statements that Plaintiff would incur no damage and that his ownership and possession of the property would be promptly returned to him.

71. Defendant's actions of conducting the foreclosure sale, having it ratified and failing to correct the mistake and its failure to account to Plaintiff for the proceeds of the sale occurred despite the repeated statements by Defendant that they would not do so and that Plaintiff was justified in his reliance because of the conversation with Defendant.

72. As a result of the misrepresentations by Defendant, Plaintiff has incurred significant damages.

73. That Plaintiff justifiably relied upon the statements with the Defendant, its agents, servants and employees that it would reverse the mortgage foreclosure, that the account was in good standing and that the Defendant would take the necessary steps to return ownership, use and possession of Plaintiff's property.

74. That Defendant through its agents, servants and employees intentionally misrepresented the status of Plaintiff's account with Defendant, intentionally misrepresented that the foreclosure would be reversed, intentionally misrepresented that it would take the necessary steps to secure the ownership use and possession of Plaintiff's property and, have failed and refused to account for the proceeds of the sale of his property.

75. As a result of the intentional misrepresentation by Defendant, Plaintiff incurred damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00) with interest and costs.

### COUNT VIII
### BREACH OF FIDUCIARY DUTIES

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 75 and further alleges as follows:

76. By virtue of Defendant's position as holder of the first Deed of Trust of Plaintiff's property, Defendant owed a duty to Plaintiff of the decree of trust and confidence required in the Deed of Trust and under Maryland law as it relates to the relationship of Plaintiff and Defendant.

77. Among the duties owed by Defendant to Plaintiff, was to properly supervise and manage the mortgage loan accounts which were owned or serviced by Defendant to assure that all funds were properly and correctly credited to the account of Plaintiff and other borrowers.

78. Defendant owed this duty to prevent Plaintiff from wrongfully being deprived of the use and possession of his real property, Defendant was responsible to assure the proper management and operation of its loan accounts and to assure that borrowers were not wrongfully placed in default and subject to a wrongful foreclosure when in fact the account was in good standing.

79. Defendant breached the duties described in the Deed of Trust and by Maryland law with malice and/or reckless disregard for Plaintiff's rights by the mismanagement of Plaintiff's account, the careless and reckless institution of a foreclosure proceeding without any justification failing to prevent the foreclosure sale of Plaintiff's property, in seeking the ratification of the sale and

ultimately the Writ of Possession forcibly depriving Plaintiff of the use, enjoyment and possession of his property.

80. In the breach of its duties to Plaintiff, Defendant acted wilfully and contrary to the obligations imposed under the Deed of Trust and Maryland law.

81. As a result of these duties, Plaintiff suffered damages.

**WHEREFORE**, Eddie Lewis, Jr., Plaintiff, demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, with interest, costs and such other and further relief as the Court deems proper.

## COUNT IX
## VIOLATION OF MARYLAND DECLARATION OF RIGHTS

Plaintiff, Eddie Lewis, incorporates the allegations contained in Paragraphs 1 through 81 and further alleges as follows:

82. By virtue of Defendant's position as holder of the first Deed of Trust of Plaintiff's property, Defendant owed a duty to Plaintiff of the decree of trust and confidence required in the Deed of Trust and under Maryland law as it relates to the relationship of Plaintiff and Defendant.

83. Among the duties owed by Defendant to Plaintiff, was to properly supervise and manage the mortgage loan accounts which were owned or serviced by Defendant to assure that all funds were properly and correctly credited to the account of Plaintiff and other borrowers.

84. Defendant owed this duty to prevent Plaintiff from wrongfully being deprived of the use and possession of his real property, Defendant was responsible to assure the proper management and

operation of its loan accounts and to assure that borrowers were not wrongfully placed in default and subject to a wrongful foreclosure when in fact the account was in good standing.

85. Defendant breached the duties described in the Deed of Trust and by Maryland law with malice and/or reckless disregard for Plaintiff's rights by the mismanagement of Plaintiff's account, the careless and reckless institution of a foreclosure proceeding without any justification failing to prevent the foreclosure sale of Plaintiff's property, in seeking the ratification of the sale and ultimately the Writ of Possession forcibly depriving Plaintiff of the use, enjoyment and possession of his property.

86. In the breach of its duties to Plaintiff, Defendant acted wilfully and contrary to the obligations imposed under the Deed of Trust and Maryland law.

87. As a result of these duties, Plaintiff suffered damages.

88. At all times mentioned herein, Defendant acted under color and pretense of law, and under a color of statutes, customs and usages of the State of Maryland.

89. By illegally seizing and taking the property of Plaintiff, Defendant deprived Plaintiff of his rights, privileges, and immunities guaranteed to Plaintiff under Articles 24 and 26 of the Maryland Declaration of Rights.

As a result of Defendant's conduct and actions, Plaintiff has suffered damages by him being unlawfully deprived of the ownership, use and possession of his real property and has suffered and will continue to suffer emotional anguish, loss of reputation, loss of income and other damages.

**WHEREFORE**, Eddie Lewis, Jr., Plaintiff, demands judgment against Defendant for compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, with interest, costs and such other and further relief as the Court deems proper.

_____
Eddie Lewis, Jr.

_____
David N. Kuryk
231 E. Baltimore Street, Suite 702
Baltimore, Maryland 21202
Telephone: 410-752-7125
Facsimile: 410-625-4970
Email: David@Kuryk.com
Attorney for Plaintiff